LUCE & Co., S. EN C., demandante y apelante, *v.* DAMIÁN MORELL y su consorte MARÍA ADELAIDA CABRERA, demandados y apelados; DAMIÁN MORELL y su consorte MARÍA ADELAIDA CABRERA, demandantes y apelados, *v.* LUCE & Co., S. en C., demandada y apelante.

No. 4495.—*Visto:* Mayo 8, 1928. *Resuelto:* Noviembre 28, 1928.

*Tous Soto & Zapater,* abogados del apelante Luce & Co.; *López de Tord & Zayas Pizarro* y *T. Bernardini de la Huerta,* abogados de los apelados Morell.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Luce & Co., S. en C., sociedad civil agrícola, con domicilio en Salinas, P. R., presentó demanda contra Damián Morell y su esposa María Adelaida Cabrera, alegando en esencia, que la sociedad demandante es dueña, desde 18 de diciembre de 1923, de ocho veinteavas partes de una finca rústica, Hacienda "Carmen," en el término municipal de Salinas, P. R., siendo dueño de once veinteavas partes Manuel González Martínez, quien además adquirió, en venta judicial una veinteava parte más, de la que había sido dueña la menor Francine Peri, teniendo esta última adquisición fecha 20 de mayo de 1924; que el referido Manuel González Martínez, en 2 de abril de 1925, y por escritura pública, vendió a Damián Morell y Bauzá el condominio de una veinteava parte que había adquirido, y que perteneció a Francine Peri; y que esta

venta se hizo por precio de seis mil dollars, y tuvo gastos por treinta y seis dollars más; que la demandante, ejercitando la acción de retracto de comuneros consigna en la corte seis mil cincuenta dollars por importe del precio de venta de la finca, y los gastos de contrato; y pidió a la corte, se dictara sentencia en el sentido de resolver la compraventa entre Manuel González Martínez y Damián Morell y esposa, por virtud del ejercicio de la acción de retracto. Por permiso de la corte se incorporó a la súplica de la demanda, la obligación de la demandante de no vender en el término de cuatro años la participación a que la demanda se refiere.

En la contestación a esa demanda, los demandados Morell y esposa, niegan que la demandante fuera desde el 18 de diciembre de 1923, o en 2 de abril de 1925 dueña de las ocho veinteavas partes de la finca descrita en la demanda, y afirman que ella vino a adquirir tales condominios el 26 de septiembre de 1925 en que el Márshal de la Corte de Distrito de Ponce, en ejecución de una sentencia, otorgó escritura válida a favor de la demandante, en cuanto a la trasmisión de aquellos condominios; que la primera noticia que de tal venta tuvieron los demandados, fué el 16 de septiembre de 1925, en que les fué notificada la demanda de retracto en este caso; que cuando la demandante en 26 de septiembre de 1925 adquirió su condominio, ya el demandado Morell era dueño del de una veinteava parte desde el 2 de abril de 1925, por título válido e inscribible, y que la demandante no puede ejercitar acción de retracto, y sí el demandado, quien lo ha hecho en otra demanda; alegaron como defensa especial que ante el mismo tribunal se halla un pleito en el que Damián Morell Bauzá ejercita la acción de retracto de comuneros contra Luce & Co., S. en C., para subrogarse en su lugar en cuanto a la compraventa de ocho veinteavas partes de la misma finca, en cuyo pleito hay dos demandas complementarias; y pidió se desestimara la demanda.

Damián Morell Bauzá presentó ante la misma corte una

demanda de retracto, contra Luce & Co., S. en C., alegando ser dueño de una veinteava parte de la finca Hacienda Carmen, en término municipal de Salinas, P. R., la que adquirió por compra a Manuel González Martínez, por escritura de 2 de abril de 1925; que el 16 de septiembre de 1925 tuvo el demandante conocimiento de que Luce & Co., S. en C., era dueña de un condominio de ocho veinteavas partes en la citada finca, sin que, por esa información apareciera que la dicha participación estuviera inscrita en el registro de la propiedad, y no teniendo el demandante conocimiento de que la demandada hubiera adquirido debidamente y mediante un valedero traspaso el dominio de tal condominio, y sí sólo la noticia por la notificación de la demanda; que el demandante adquirió de Don Manuel González su condominio antes de que Luce & Co. adquiriera los suyos por título válido, siendo Luce & Co. un extraño a la comunidad; que por la información del demandante, Luce & Co. pagó por sus condominios $66,299.99, y los gastos del contrato ascienden a $376.10, cantidades que el demandante Morell consigna ante la corte, a disposición de la demandada, con más una suma para cualquier otro gasto, al ejercitar, como lo hace, la acción de retracto de comuneros, para subrogarse en lugar de Luce & Co. en la compra de aquel condominio. Presentó también Morell una demanda complementaria para alegar que el Márshal de la Corte de Distrito de Ponce en representación de unos demandados Antonetti y otros en pleito sobre ratificación de escritura, en que era demandante Luce & Co., S. en C., y en que se dictó sentencia a favor de la demandante, había otorgado escritura traspasando el título del condominio de ocho veinteavas partes de la Hacienda Carmen, en Salinas, a dicha Luce & Co., S. en C., en 26 de septiembre de 1925; y en una segunda demanda complementaria, alegó Morell la inscripción en el registro de la propiedad, de la copia de la escritura otorgada por el márshal en la fecha citada.

Con relación a la demanda original y a la primera com-

plementaria, presentó Luce & Co., S. en C., la demandada, una moción pidiendo que se eliminaran los siguientes extremos:

1. La alegación de que el demandante Morell adquirió de Manuel González una participación, antes de la adquisición de Luce & Co. y por título válido, por ser una conclusión legal, y no una alegación de hecho, y por incongruente con otra parte de la demanda en que se alega ser Luce & Co. dueña de ocho veinteavas partes.

2. La parte de la alegación 3 de la demanda en que dice: "y sin que el demandante hubiera tenido noticias en forma alguna de que dicha demandada hubiera adquirido debidamente y mediante un valedero traspaso el dominio de dicho condominio," por aparecer contradictorio con lo que se dice en la misma alegación, en esta forma: "que el día 16 del corriente mes por la tarde el aquí demandante tuvo conocimiento de que la demandada Luce & Co., S. en C., era dueña de un condominio de 8/20 partes, etc."; y porque las palabras "valedero" y "debidamente," dan una conclusión legal, y porque oscurecen la alegación. Y en cuanto a la demanda complementaria, pidió la eliminación en su totalidad, por no tener notificación de orden alguna de la corte permitiendo su presentación y porque se compone de hechos inmateriales. La corte resolvió declarando sin lugar la moción. La demandada presentó excepción previa por falta de hechos para determinar causa de acción, que fué declarada sin lugar por la corte.

La demandada Luce & Co., S. en C. contestó las demandas, original y complementarias, alegando en esencia, que es dueña de las 8/20 partes de la finca Hacienda Carmen, que compró por escritura pública de 18 de diciembre de 1923, cuya inscripción en el registro de la propiedad fué denegada, entablándose por ello el recurso ante el Tribunal Supremo, y luego otro ante la Corte de Circuito de Estados Unidos, que está pendiente de resolución, y quedando pendiente la anota-

ción preventiva que se tomó en el registro al hacerse la denegación; que dicha anotación estaba pendiente en la fecha de la venta de condominio por Manuel González a Morell, y éste tenía conocimiento presuntivo de la venta de las 8/20 partes a Luce & Co., por haberse anotado en el registro una demanda de Luce & Co., S. en C., contra Madame Veuve Antoinette Antoni-Antonetti y otros sobre confirmación y ratificación de la citada escritura de compraventa de 18 de diciembre de 1923, y cuya anotación se hallaba vigente en la fecha de la venta entre Manuel González y Damián Morell; que éste tuvo conocimiento actual de la venta de condominio a Luce & Co., S. en C.; rechaza la consignación por carecer de causa y ser simulada; alega que la compraventa de 1/20 entre González y Morell fué simulada; que Manuel González Martínez, dueño de las 11/20 partes de la misma finca tiene renunciado su derecho al retracto; que la escritura otorgada por el Márshal de la Corte de Distrito de Ponce a favor de Luce & Co., S. en C., en 26 de septiembre de 1925, fué de ratificación de la de 18 de diciembre de 1923, vendiendo las 8/20 partes, y que ambas fueron presentadas juntamente en el registro para producir la inscripción de esa participación.

En el día señalado para la vista de ambos casos, las partes en los dos casos, estipularon y convinieron, con la aprobación de la corte, que los dos pleitos se acumularan en uno solo para todos los efectos, considerándose que la demanda presentada por Damián Morell contra Luce & Co., S. en C., es una contrademanda, y que la contestación de Luce & Co., S. en C., a la demanda de Damián Morell es una contestación a la contrademanda, y que no habría más que una sola sentencia.

Practicada la prueba, la corte dictó sentencia, declarando sin lugar la demanda de Luce & Co., S. en C. contra Damián Morell y con lugar la contrademanda de Damián Morell contra Luce & Co., S. en C., sin especial condena de costas. Contra esta sentencia, de fecha 14 de febrero de 1927, se

ha interpuesto por Luce & Co., S. en C., el recurso de apelación que consideramos.

Se señalan por la parte apelante, Luce & Co., S. en C., veinte y seis errores. De ellos toca considerar en primer lugar, los que se refieren a la resolución de la moción eliminatoria, y a la recaída en cuanto a la excepción previa.

■■ El primer señalamiento de error, se enuncia y presenta por la apelante, así:

"Primer error. Erró la Corte al desestimar la moción eliminatoria contra la demanda."

La apelante tiene razón en el señalamiento de error de que se trata.

· La alegación tercera de la demanda de Morell v. Luce & Co., S. en C., está redactada de esta forma:

"Que el día dieciséis del corriente mes y año por la tarde, el aquí demandante tuvo conocimiento de que la demandada Luce & Co., S. en C., era dueña de un condominio de 8/20 partes sobre la finca antes descrita, que pertenecía a Madame Veuve Antoinette, Antoni-Antonetti, nacida María Antoinette Magdalaine Helen Portafox; Madame Veuve Helen de Gaffori Antoni Antonetti, nacida Helen o Elena Antoni Antonetti; Madame Mathilde Ferrand Mugnier; Mademoiselle Angele o Angela Moratti Antoni Antonette; Mademoiselle Diane o Diana de Zerbi Antoni Antonette; Mademoiselle Pauline o Paulina de Zerbi Antoni Antonette; Madame Mathilde o Matilde Lemaitre nacida de Zerbi; Mister Horace u Horacio Morati Antoni Antonette; Madame Gabrielle Escoffier, nacida Gabrielle Matilde Ursula Antoni Antonette; y Monsieur Maxime Escoffier, Monsieur Joseph Ferrand y Mr. Lucian Lemaitre; sin que según la mejor información y creencia del aquí demandante, dicho condominio haya sido inscrito o esté pendiente de inscripción a favor de dicha demandada, y sin que el demandante hubiera tenido noticias en forma alguna de que dicha demandada hubiera adquirido debidamente y mediante un valedero traspaso el dominio de dicho condominio, habiendo tenido conocimiento del referido hecho únicamente al ser notificado de la demanda en el caso de retracto de comuneros, número 13932, de Luce & Company S. en C. contra Damián Morell y su consorte María Adelaida Cabrera, radicado el día 15 de septiembre de 1925, ante la Corte de Distrito de Ponce, en el cual litigio dicha

demandada trata de usar el retracto de comuneros contra el aquí demandante como condueño que alega ser del referido inmueble, sin que aparezca de la referida demanda presentada por la dicha demandada contra el aquí demandante en el referido tribunal, la forma ni fecha de la adquisición de los referidos 8/20 sobre el dicho inmueble, a favor de la aquí demandada, y sin que tampoco aparezca de dicha demanda si la referida adquisición de las 8/20 partes se ha hecho constar en escritura pública a favor de dicha Luce & Co. S. en C., pero constándole al aquí demandante y así lo alega específicamente, el haber adquirido su condominio de don Manuel González, antes de haber adquirido Luce & Co. S. en C. el dominio sobre el referido condominio de 8/20 partes sobre el referido inmueble y antes de que dicha Luce & Co. S. en C. hubiera adquirido por medio de título válido el referido condominio, siendo dicha Luce & Co. S. en C. un extraño a la referida comunidad en cuanto a la descrita finca.''

En la alegación aparecen las siguientes afirmaciones:

1. Que en.16 de septiembre de 1925, el demandante Morell *tuvo conocimiento de que la demandada Luce and Co. S. en C. era dueña de un condominio de 8/20 partes sobre la finca descrita* (itálicas nuestras).

2. Que al demandante consta el haber adquirido su condominio de Don Manuel González antes de que Luce and Co. S. en C. adquiriera las 8/20 partes *por medio de título válido* (itálicas nuestras).

3. Que de la demanda de Luce and Co. S. en C. contra Morell, en retracto, no aparece la fecha de la adquisición por Luce and Co. S. en C., y si se llevó a cabo por escritura, o no.

En realidad, esta última afirmación es impertinente en la demanda de Morell. Las alegaciones deben corresponder al fin que la demanda persigue. Entre ellas y la súplica debe existir una relación de causa y efecto: sentados determinados hechos (causa) deben producir, en derecho, un resultado (efecto) que es el que se solicita que produzcan. Y lo que en otro litigio puede ser motivo de determinadas peticiones, no es para alegar en un litigio distinto, a menos que en él tenga, o deba lógicamente tener una influencia clara y positiva. En la demanda de Morell contra Luce and Co. S. en C., la forma y fechas de las adquisiciones de Morell y de

Luce and Co., S. en C., tiene gran importancia, y debe aparecer de las alegaciones en ese pleito; pero esto no quiere decir que en ese litigio pueda alegarse un defecto, si lo es, de las alegaciones en un pleito distinto. Esa parte de la alegación debió ser eliminada.

Pero de más importancia son las otras afirmaciones, y las objeciones que a ellas se hicieron.

En 16 de septiembre de 1925, sabe el demandante que Luce and Co., S. en C., era dueña de un condominio en la finca. Este hecho es de tal importancia que sin su afirmación no cabe ejercitar la acción de retracto. El retracto tiene como objeto la resolución de una venta. Para que la resolución se produzca, y venga con ella la subrogación en el lugar del comprador, es preciso que el contrato de compraventa haya existido, legal y eficazmente, y que haya habido un vendedor y un comprador en cuyo derecho y personalidad se va a dar la subrogación; y que haya habido la trasmisión de la cosa vendida, a un tercero, a un extraño. De forma que son bases invariables la eficacia del contrato de compraventa y la realidad de la trasmisión.

El artículo 1409 del Código Civil de Puerto Rico, dice así:

"La venta se resuelve por las mismas causas que todas las obligaciones, y además por las expresadas en los capítulos anteriores, y por el retracto convencional o por el legal."

Y el retracto legal, es así definido por el artículo 1424 del mismo código:

"Art. 1424.—El retracto legal es el derecho de subrogarse con las mismas condiciones estipuladas en el contrato en lugar del que adquiere una cosa por compra o dación en pago."

Se ve que el precepto legal se refiere a un contrato existente ("en las mismas condiciones estipuladas en el contrato") y a una adquisición eficaz y positiva ("en lugar del que adquiere una cosa por compra o dación en pago").

Si Morell tiene una acción de retracto, es inevitable para él afirmar la existencia del contrato por el que se trasmitió la cosa o derecho que él quiere retraer; asegurar la presencia jurídica de un comprador, en cuyo sitio y lugar va el retracto a colocar a Morell. Si la compraventa no se hizo, no hay retracto, porque la cosa o derecho no fué trasmitida; no hay subrogación porque no hubo comprador a quien sustituir. Por esa razón cuanto en la alegación se refiere a "título válido" y "traspaso valedero" y "debidamente" adquirido, en cuanto es una negación de la validez del título o del traspaso, trae consigo la negación del derecho de retracto.

Aparte de esto, y como motivo de menor importancia que el expresado, la calificación de título "válido," la de traspaso "valedero" (eficaz, en derecho) y la de "debidamente" en cuanto a la adquisición, son conclusiones de ley, perfectamente propias en la opinión y sentencia de la corte, a que corresponde hacer esas definiciones, y dictar la sanción; pero impropias de las alegaciones de las partes; alegaciones que quedan oscurecidas, y en las que unas palabras como ésas pueden dar lugar a dificultades de trascendencia en la prueba, y a sorpresas perjudiciales a los derechos de las partes. La subsistencia de esas palabras en la alegación, pone a la parte que las empleó, en condiciones de aspirar a probar, en un caso de retracto, los elementos de un caso de nulidad de contrato, sin correr los riesgos del ejercicio de una acción de nulidad. No es ésa la doctrina de nuestra ley de procedimientos, ni puede permitirse que se alegue en esa forma, si la protección de la ley ha de ser igual para las dos partes.

La eliminación solicitada, debió ser concedida; y fué error de la corte el no hacerlo así.

El segundo señalamiento de error se enuncia así:

"Segundo error. Erró la Corte al desestimar la moción eliminatoria de las demandas complementarias."

Las demandas complementarias se refieren al otorgamiento por el Márshal de la Corte de Distrito de Ponce de una escritura de fecha 26 de septiembre de 1925 a favor de Luce and Co., S. en C., y a su inscripción en el registro.

Si la parte demandante ha alegado que en 16 de septiembre de 1925 conoció el hecho de ser Luce and Co., S. en C., dueña de las 8/20 partes de la finca, su alegación con respecto a que la escritura de trasmisión fué otorgada por el Márshal en 26 de septiembre, 1925, no es compatible con la alegación anterior.

Aparte de esto, nos parece que las demandas complementarias no fueron de necesidad, y que sus alegaciones, no sólo adicionaron, sino que también varían las de la demanda original. Parece que ellas revelan una duda muy grave del demandante acerca de si su demanda original fué prematura. Si las alegaciones de ésta eran suficientes para sostener la acción de retracto, no son de precisión, y quizá son más de obstaculización y duda, las de las complementarias, que no debieron ser admitidas.

Los motivos legales que sostenían las mociones de eliminación, fueron, según se indica en el tercer señalamiento de error, base de una excepción previa formulada por Luce and Co., S. en C., con relación a la demanda de Morell. Por las mismas razones que hemos expuesto, declaramos que la excepción previa debió ser sostenida por la corte, y que fué su error el no hacerlo así.

Es innecesario el estudio de los demás señalamientos de error, si con la resolución de los tres primeros vuelve el caso al estado en que se hallaba cuando los errores fueron cometidos.

Por las razones expuestas, *debe revocarse la sentencia apelada, devolviendo el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.*