Martínez Torres, Juez Ponente
*739 TEXTO COMPLETO DE LA SENTENCIA
Los codemandados-peticionarios, Guadalupe Pérez Méndez y Ernesto López Juarbe, solicitan que revisemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (Hon. Miriam Santiago Guzmán, Juez), que denegó una moción para desestimar una demanda sobre retracto de colindantes.
No procede la desestimación de una acción sobre retracto legal de colindantes cuando para adjudicar los derechos de los retrayentes colindantes hace falta celebrar una vista evidenciaría y un juicio en su fondo. En virtud de este principio, se confirma el dictamen recurrido.
I
Carmen Machado Alfaro adquirió en pleno dominio una propiedad inmueble sita en el Municipio de Isabela. Dicha propiedad fue inscrita en el Registro de la Propiedad, Sección de Aguadilla, de la siguiente manera:

"RUSTICA: Parcela marcada con el Número Ochenta y Dos "D" (82-D) en el plano de parcelación de la Comunidad Rural Mantilla del Barrio Arenales Bajos del término municipal de Isabela con una cabida superficial de Cero cuerdas con Dos Mil Doscientos Noventa y Seis Diezmilésimas de otra, equivalente a Novecientos Dos punto Veinte y Seis metros cuadrados (902.26 m.c.). En lindes por el NORTE, con la Calle Número Once "A" (11-A) de la Comunidad; por el SUR, con Sucesión Alberto Machado; por el ESTE, con la parcela Número Ochenta y Dos "C" (82-C) de la Comunidad; y por el OESTE, con la parcela Número Ochenta y Siete (87) de la Comunidad."

El 13 de septiembre de 1996, Guadalupe Pérez Méndez adquirió de Machado Alfaro la propiedad antes descrita. Siete días después, el 20 de septiembre de 1996, Ramón Cruz Feliciano, su esposa Esther Machado Valle y la sociedad legal de bienes gananciales constituida por ambos presentaron una demanda sobre retracto legal de colindantes de la propiedad antes descrita contra Guadalupe Pérez Méndez [I] y Ernesto López Juarbe. Como dueños de una finca colindante al inmueble adquirido por Guadalupe Pérez Méndez, los demandantes Cruz-Machado reclamaron a su favor el derecho real de preferencia de retracto de colindantes de conformidad con el Artículo 1413 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3923. En virtud del citado artículo, los demandantes alegaron en la demanda que la finca colindante en controversia tenía una cabida inferior a una hectárea. Indicaron que tanto su inmueble como el colindante son fincas rústicas que no están separadas por barrancos ni por alguna otra servidumbre aparente. Los demandantes añadieron que interesaban subrogarse en los derechos de los demandados sobre la propiedad objeto de la demanda de retracto. En virtud de los Artículos 1407 y 1415 del Código Civil, supra, secs. 3912 y 3925, el 23 de septiembre de 1996, los demandantes consignaron $10,000 en el Tribunal de Primera Instancia. Esta cantidad representa el precio de compraventa pagado por los demandados.
*740 Mediante la escritura pública número 95 otorgada el 23 de septiembre de 1996 ante el Notario Público Adalberto Ramos Ortega, Pérez Méndez vendió el inmueble en controversia a los esposos Carlos Ernesto López Mercado y Marina Cartagena Gratacós. Estos últimos también eran colindantes de la propiedad en controversia.
El 22 de octubre de 1996, los co-demandados, Guadalupe Pérez Méndez y Emesto.López Juarbe, contestaron la demanda. Adujeron que el inmueble objeto de la-aceión de retractó legal de colindantes había sido vendido el 23 de septiembre de 1996 a terceros, los esposos López-Cartagena. Añadieron que dichos terceros eran los colindantes de menor cabida, por lo que tenían preferencia sobre la propiedad que se pretendía retraer, frente a los demandantes, los esposos Cruz-Machado. Finalmente, los co-demandados Pérez Méndez y López Juarbe sostuvieron que, dadas esas circunstancias, la demanda dejaba de exponer hechos que justificaran la concesión de un remedio, por lo que solicitaron su desestimación.
El 12 de noviembre de 1996, los demandantes, esposos Cruz-Machado, solicitaron permiso para enmendar la demanda a los fines de traer como co-demandados a Carlos Ernesto López Mercado, Marina Cartagena Gratacós y la sociedad legal de bienes gananciales por ambos constituida.
El 19 de diciembre de 1996, la parte demandada presentó una moción informativa. Mediante dicha moción, esa parte expresó que en el caso de epígrafe no existía controversia en cuanto a que el adquirente Carlos E. López era colindante de la finca en cuestión, poseía un inmueble de menor cabida que el de los demandantes y ejerció su derecho al retracto primero que los demandantes. En consecuencia, la parte demandada reiteró que como no existía controversia de hechos materiales, procedía en derecho la desestimación de la reclamación de retracto legal de colindantes instada por la parte demandante.
Frente a esta petición, el 24 de febrero de 1997, los esposos demandantes, Cruz-Machado, presentaron un escrito en oposición a la moción de desestimación presentada por los demandados. En el referido alegato indicaron que —contrario a los demandados— presentaron su demanda sobre retracto legal de colindantes dentro del término fatal de nueve (9) días que dispone el Código Civil. Adujeron que los esposos López-Cartagena adquirieron la propiedad en controversia pasado el término de caducidad y, por lo tanto, su adquisición era nula. Los esposos demandantes, Cruz-Machado, señalaron, además, que el único propósito de la adquisición del inmueble en controversia por los esposos López-Cartagena fue derrotar el derecho de retracto que le asistía a los demandantes.
Por su parte, los demandados presentaron una "Moción de Réplica a Oposición de Desestimación". En este alegato, los demandados plantearon que los demandantes no tenían legitimación activa para plantear que los esposos López-Cartagena ejercieron tardíamente su derecho de retracto. Añadieron que los demandantes realmente pretendían ejercer el retracto contra los nuevos adquirentes del inmueble en controversia, los esposos López-Cartagena.
El 14 de abril de 1997, el Tribunal de Primera Instancia celebró una vista para examinar la posición de las partes respecto a la moción de desestimación presentada por los demandados. Luego de escuchar ampliamente a las partes y de examinar la evidencia ofrecida, el 21 de mayo de 1997, dicho foro emitió una resolución denegando la moción de desestimación presentada. Mediante dicha resolución, el tribunal juzgador indicó que la acción de retracto en controversia era una de naturaleza real. Explicó que la referida acción era una contra la cosa y no contra la persona. Destacó, sin embargo, que existía discusión sobre cuándo los esposos López-Cartagena adquirieron la propiedad en controversia. El tribunal juzgador entendió que esa interrogante producía cuestiones de hechos y de derecho que ameritaban dilucidarse en un juicio plenario. Además, dicho foro ordenó que, por ser partes indispensables, se emplazara a los esposos López-Cartagena y se les trajera al pleito. Surge del expediente que los esposos López-Cartagena, aquí co-deríiandados, fueron emplazados el 20 de junio de 1997.
Inconforme con la citada resolución, los co-demandados Pérez Méndez y López Juarbe interpusieron el presente recurso de certiorari. Señalaron como único error que el Tribunal de Primera Instancia aplicó incorrectamente las normas referentes al derecho real de preferencia de retracto legal *741 de colindantes a los hechos incontrovertibles del caso de autos. En consecuencia, sostuvieron que dicho foro erró al denegar la desestimación solicitada bajo el fundamento de que estaba en controversia la fecha de adquisición de la propiedad en controversia por los esposos López-Cartagena.
El 7 de julio de 1997, los demandantes-recurridos, los esposos Cruz-Machado, presentaron su alegato en oposición a la referida petición de certiorari. Sostuvieron en lo pertinente que no procedía la desestimación de la demanda porque existían hechos materiales en controversia. Esa parte especificó que existía controversia sobre cuándo se enteraron los esposos López-Cartagena de la venta del inmueble en cuestión y porqué ejercieron su derecho de retracto el día número diez (10) de la Venta original.
Luego de examinar los hechos del caso y el derecho aplicable, determinamos que la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, es correcta.
II
La doctrina ha denominado la institución del retracto legal como un derecho real de adquisición preferente. G. García Cantero, Comentarios al Código Civil y Compilaciones Forales, Tomo XIX, EDERSA, Madrid, 2da ed., 1991, a la pág. 661. En virtud de ese derecho, una persona puede adquirir Una cosa que el dueño ya ha vendido, subrogándose en el lugar del comprador y abonando el precio pagado y los gastos del contrato. Véase, Artículo 1411 del Código Civil, supra sec. 3921.
Nuestro ordenamiento reconoce la figura jurídica del retracto legal de colindantes. Específicamente, el Artículo 1413 del Código Civil de Puerto Rico, supra, dispone:

"§ 3923. Propietarios de tierras colindantes

También tendrán el derecho de retracto los propietarios de las tierras colindantes cuando se trate de la venta de una finca rústica cuya cabida no exceda de una hectárea.

El derecho a que se refiere el párrafo anterior no es aplicable a las tierras colindantes que estuvieren separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.

Si dos o más colindantes usan del retracto al mismo tiempo, será preferido el que de ellos sea dúeño de la tierra colindante de menor cabida; y si las dos la tuvieren igual, el que primero lo solicite."

Este precepto faculta a los colindantes de un predio rústico con una cabida menor de una hectárea, a ejercer el derecho al retracto del inmueble colindante cuando éste ha sido vendido a un extraño. J. Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Vol. 3, Bosch, Barcelona, 3ra ed., 1983, a las págs. 420-428; García Cantero, op. cit., a la pág. 663; Manresa, supra, a la pág. 518. La doctrina es clara cuando señala que el derecho real de retracto de colindantes no procede contra otro colindante. Puig Brutau, id., a la pág. 426; García Cantero, op. cit., a la pág. 664. El retracto de colindantes " [tjiene fundamento fáctico en la colindancia o contigüidad física de las fincas rústicas". García Cantero, op. cit., a la pág. 661. Ese presupuesto responde a la propia finalidad del derecho. García Cantero, op. cit., a la pág. 664. El referido Artículo 1413, supra, establece, además, que el retracto de colindantes no procede cuando las fincas están separadas por un barranco o por cualquier otra servidumbre aparente. Puig Brutau, id., a la pág. 428. Finalmente, el citado artículo dispone el orden a seguir cuando varios colindantes ejercen simultáneamente su derecho real de retracto. García Cantero, op. cit., a las págs. 672 y 674.
Las acciones de retracto tienen que ser ejercitadas dentro de los términos que dispone la ley. El Artículo 1414 del Código Civil, supra, sec. 3924, establece que el término para ejercitar el derecho de retracto legal de colindantes es "de nueve (9) días contados desde la inscripción en el registro y, en su defecto, desde que el retrayenté hubiera tenido conocimiento de la venta". Véase además, Quiñones Quiñones v. Quiñones Irizarry, 91 D.P.R. 225, 265 (1964). La doctrina ha establecido que dicho término de nueve (9) días es uno fatal e improrrogable. Id.; Felici v. Ribas et al., 11 D.P.R. 539, 545-546 (1906); J. Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Vol. 3, Bosch, Barcelona, *742 3ra. ed., 1983, a la pág. 414.
El efecto del ejercicio del retracto legal de colindantes es "subrogarse el retrayente en el lugar del adquirente". Puig Brutau, op. cit., a la pág. 431. Nótese que el ejercicio del referido derecho produce la resolución de una venta. Luce & Co. v. Morell, 38 D.P.R. 863, 871 (1928). La doctrina señala que el propósito del referido derecho es evitar que ocurra una división excesiva de las propiedades rústicas, en detrimento del valor y desarrollo de este tipo de recurso. García Cantero, op. cit., a la pág. 661; Manresa y Navarro, Comentarios al Código Civil Español, Tomo X, Vol. 1, Reus, Madrid, 6ta ed., 1969, pág. 519.
III
Los co-demandados-peticionarios, Pérez Méndez y López Juarbe, aducen que ambos retrayentes colindantes, los esposos Cruz-Machado y los esposos López-Cartagena, ejercieron su derecho de retracto dentro del término fatal de nueve (9) días establecido en el Artículo 1414, supra. Sostienen que si se otorgó la escritura de compraventa el 23 de septiembre de 1996 a favor de los co-demandados López-Cartagena, debe inferirse que éstos habían ejercido su derecho de retracto de colindantes extrajudicialmente, previo al otorgamiento de la referida escritura y dentro del término de nueve (9) días desde que supieron de la compraventa celebrada el 13 de septiembre de 1996. No podemos inferir tal cosa. De nuestro expediente no surge prueba a tales efectos. Por el contrario, los co-demandados-peticionarios se apoyaron únicamente en alegaciones fundadas en inferencias y en especulaciones. Su alegación principal —respecto a la inferencia que alegadamente surge de la fecha del otorgamiento de la escritura de compraventa de la propiedad en controversia— no está sustentada por evidencia alguna. No se acreditó el momento exacto en el cual los co-demandados López-Cartagena ejercieron su derecho al retracto de la finca en controversia. Es por ello que entendemos que las alegaciones de los co-demandados-peticionarios, en ausencia de prueba, no son suficientes en derecho para revocar la determinación del tribunal juzgador y con ello desestimar la demanda sobre retracto de colindantes.
Es propio señalar que aunque la solicitud de los co-demandados-peticionarios, Pérez Méndez y López Juarbe, fue denominada como una moción de desestimación, la misma realmente constituyó una moción de sentencia sumaria. Una evaluación del expediente indica que, junto a la solicitud de desestimación, los co-demandados acompañaron otros documentos para contradecir los hechos expuestos en la demanda. Como es sabido, nuestro ordenamiento procesal civil permite a los tribunales acoger una moción de desestimación como una solicitud de sentencia sumaria cuando se alega en la referida moción que la demanda deja de exponer una reclamación que justifique la concesión de un remedio y "se expusieren materias no contenidas en la alegación impugnada y éstas no fueren excluidas por el tribunal". 32 L.P.R.A. Ap. Ill, R. 10.2. Cuando esto ocurre aplican todas las normas que rigen la moción de sentencia sumaria. Véase Torres Capeles v. Rivera Alejandro, Opinión de 30 de mayo de 1997, 97 J.T.S. 77, pág. 1091.
La Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36, preceptúa lo referente a la sentencia sumaria. Este mecanismo procesal tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. 32 L.P.R.A. Ap. III, R. 36.3; Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. _ (1994), 94 J.T.S. 104, a las págs. 20-21; Rivera et al. v. Superior Pkg., Inc. et al., 132 D.P.R. _ (1992), 92 J.T.S. 165, a la pág. 10165; Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 723 (1986). La Regla 36.2, supra, permite a un demandado presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Soto v. Hotel Caribe Hilton, 137 D.P.R. _ (1994), 94 J.T.S. 128, a la pág. 311. "Procede dictar sentencia sumaria cuando ha quedado claramente establecido que para resolver la controversia no hace falta celebrar una vista evidenciaría". Guerrido García v. Univ. Central de Bayamón, _ D.P.R. _ (1997), 97 J.T.S. 79, a la pág. 1104. Véase además, Medina v. M. S. & D. Química P.R., Inc., 135 D.P.R. _ (1994), 94 J.T.S. 52. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. Méndez Arocho v. El Vocero de P.R., 130 D.P.R. _ (1992), 92 J.T.S. 94, a la pág. 9715. El Tribunal Supremo de Puerto Rico ha establecido que sólo debe dictarse sentencia sumaria en casos claros donde el tribunal juzgador tiene ante sí la verdad sobre todos los hechos pertinentes. PFZ Props. Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 124; *743 Rivera et al. v. Superior Pkg., Inc. et al., supra, a la pág. 10165.
En el presente recurso, como cuestión de derecho, no procede dictar sentencia sumaria. Como vimos, existe una controversia genuina sobre los hechos alegados por las partes en la causa de acción ejercitada. La determinación de cuándo los co-demandados, los esposos López-Cartagena -adquirentes de la propiedad objeto del presente recurso- ejercieron su derecho de retracto legal de colindantes y cuándo dichos co-demandados retrayentes tuvieron conocimiento de la venta de la finca colindante son cuestiones de hecho a ser determinadas por el tribunal juzgador. Conforme al Artículo 1414, supra, el plazo legal para el ejercicio de la acción de retracto de colindantes comienza a correr desde que la parte retrayente tiene conocimiento de la transmisión, correspondiéndole a ésta el peso de la prueba para establecer el día en que tuvo conocimiento de la misma. El esclarecimiento de esas determinaciones es de vital importancia para la adjudicación final del caso. Tanto es así, que si la prueba demostrara que los esposos retrayentes, López-Cartagena, ejercieron su derecho de retracto en el momento en que otorgaron la escritura de compraventa de la propiedad en cuestión —diez (10) días después de la venta original — , entonces la situación fáctica sería que dichos colindantes ejercieron su derecho fuera del término fatal e improrrogable de nueve (9) días dispuesto en el Código Civil por lo que no tendrían derecho a retraer la propiedad en cuestión. Si por el contrario, la prueba demostrara que los esposos retrayentes ejercieron extrajudicialmente su derecho dentro del término fatal de nueve (9) días, entonces tendríamos a dos colindantes retrayentes —los esposos co-demandados López-Cartagena y los esposos demandantes Cruz-Machado — , quienes usaron del retracto al mismo tiempo. Surge de la prueba que estos últimos ejercieron su derecho de retracto judicialmente luego de transcurridos siete (7) días de la venta que activó el referido derecho de retracto. Si la realidad fáctica demostrara a dos colindantes retrayentes, entonces el Código Civil ha establecido que cuando dos o más colindantes usan del retracto al mismo tiempo, prevalecerá "el que de ellos sea dueño de la tierra colindante de menor cabida". Artículo 1413, supra. Véase además, García Cantero, op. cit., a la pág. 670. Obsérvese que la aplicación de la citada norma exige que los dos retrayentes colindantes tengan derecho al retracto. Véase, Manresa, supra, a la pág. 530. Esta determinación sería, a su vez, objeto de prueba. Nótese que la adjudicación final del caso está sujeta a la evaluación de la prueba referente a las interrogantes antes discutidas.
Evidentemente la determinación del momento exacto en el cual los esposos López-Cartagena ejercieron su derecho de retracto constituye una controversia de hecho real sustancial entre las partes. La ausencia de prueba sobre este extremo impide la adjudicación sumaria del caso. De este modo, no podemos concluir que el tribunal juzgador abusó de su discreción al denegar la moción de sentencia sumaría presentada por la parte demandada-peticionaria.
IV
Por los fundamentos antes expuestos, se expide el auto de certiorari y se confirma la resolución recurrida. El Tribunal de Primera Instancia deberá dar cumplimiento a lo dispuesto en la Regla 36.4 de Procedimiento Civil, y a tal fin "determinará los hechos materiales sobre los cuales no hay evidencia sustancial y los hechos materiales que están realmente y de buena fe controvertidos...."
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 18
1. Surge del expediente que la codemandada Pérez Méndez fue emplazada el 5 de octubre de 1996.